IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-60676
Summary Calendar
_____

WILLIAM C. BOYKINS,

Plaintiff-Appellant,

versus

ENTERGY OPERATIONS, INC.; AZIZ KHANIFAR,
Individually and in their official capacity
as supervisors officers and/or agents of
Entergy Operations, Inc.; MIKE BAKARICH,
Individually and in their official capacity
as supervisors, officers and/or agents of
Entergy Operations, Inc.; RANDY HUTCHINSON,
Individually and in their official capacity
as supervisors, officers and/or agents of
Entergy Operations, Inc.; FRED WALSH,
Individually and in their official capacity
as supervisors, officers and/or agents of
Entergy Operations, Inc.; FRANK WAGNER,
Individually and in their official capacity
as supervisors, officers and/or agents of
Entergy Operations, Inc.; DON HINTZ,
Individually and in their official capacity
as supervisors, officers and/or agents of
Entergy Operations, Inc.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
3:97-CV-348-WS
_____

April 16, 1999

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:*

The appellant, William C. Boykins, proceeding pro se, appeals the district court's grant of summary judgment in favor of Entergy Operations, et al.,[1] on his claims for race discrimination and unlawful retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. In granting Entergy's motion for summary judgment, the district court first applied the doctrine of res judicata and dismissed each of Boykins's claims that alleged race discrimination or retaliation up to November 18, 1996. The district court then addressed Boykins's remaining claims for unlawful retaliation. The district court concluded that summary judgment was proper as to these claims because Boykins failed to establish a prima facie case, namely that he suffered an adverse employment action, and that his protected activity was the "but for" cause of the adverse employment decision.

On appeal, Boykins argues that the district court erred in granting summary judgment against him because he established a prima facie case of unlawful retaliation. Boykins contends that he

---

*Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]Boykins also sued Aziz Khanifar, Mike Bakarich, Randy Hutchinson, Fred Walsh, Frank Wagner, and Don Hintz individually and in their official capacities as Entergy supervisors. The district court correctly dismissed Boykins's claims against these named defendants on the grounds that Title VII does not impose liability on individuals who do not meet the statutory definition of "employer." Grant v. Lone Star Co., 21 F.3d 649, 652-53 (5th Cir. 1994) (citations omitted).

suffered an adverse employment action when Entergy instructed him to either transfer to another work site, take part in a performance improvement program, or "accept a constructive discharge." Boykins argues that when he refused each of the three options, he was placed in a "block nine category," and later subjected to "disparate conditions and a hostile environment." Boykins further contends that he was issued a March 5, 1998 termination letter, which provided that he would be terminated in one month if his performance did not improve. Finally, Boykins argues that the causal requirement for this retaliation claim is met because Entergy took the aforementioned actions immediately after he filed the instant Title VII suit.

As a threshold matter, we agree with the district court that the doctrine of res judicata precludes each of Boykins's claims alleging race discrimination and retaliation for the period of time extending through November 18, 1996. We are satisfied that each of these claims could have been adjudicated in Boykins's previous Title VII race discrimination suit against Entergy, which was filed on October 19, 1995, and subsequently dismissed on November 18, 1996. See Jackson v. Widnall, 90 F.3d 710, 715 n.8 (5th Cir. 1996) (citing Nilsen v. City of Moss Point, 701 F.2d 556, 560 (5th Cir. 1983) (en banc). We turn now to address the merits of Boykins's retaliation claim.

We have previously explained that to defeat a motion for summary judgment on an unlawful retaliation claim, the plaintiff

3

must show that there exists a conflict in substantial evidence on the ultimate issue for the trier of fact--whether the adverse employment action would not have occurred "but for" the plaintiff's protected activity. Long v. Eastfield College, 88 F.3d 300, 308 (5th Cir. 1996) (citing Rhodes v. Guiberson Oil Tools, 75 F.3d 989, 993 (5th Cir. 1996) (en banc)). This standard assumes, however, that the employer has taken some action against the plaintiff that is otherwise actionable under Title VII. Because it is clear, as a matter law, that Boykins has suffered no adverse employment action, we need not reach this issue on appeal.

We analyze adverse employment actions in a stricter sense than some other circuits. Burger v. Central Apartment Management, No. 98-10290, 1999 WL 101392, at *4 (5th Cir. Mar. 16, 1998). The record is clear that the block nine ranking that Boyd complains of on appeal is tantamount to a low performance review or negative evaluation.[2] A low performance ranking, in and of itself, has only a tangential effect on the conditions of employment and, consequently, it does not rise to the level of an adverse employment action. See Douglas v. DynMcDermott Petroleum Operations Co., 144 F.3d 364, 373 n.11 (5th Cir. 1998), cert. denied, 119 S.Ct. 798 (1999) (citing Mattern v. Eastman Kodak Co., 104 F.3d 702, 707 (5th Cir. 1997), cert. denied, 118 S.Ct. 336 (1997). We likewise conclude that the mere threat of transfer

---

[2]The block nine ranking is one of the lowest ranked categories in a ranking scheme used by Entergy in 1995 and 1996 to access its employees' comparative performance and potential.

fails to qualify as an adverse employment action. Mattern, 104 F.3d at 708; Burger v. Central Apartment Management, No. 98-10290, 1999 WL 101392,at *4 (5th Cir. Mar. 16, 1998). At best, this threat constitutes an "interlocutory" or "mediate" act, which is outside the purview of the Title VII. See Mattern, 104 F.3d at 708. Regarding the March 5, 1998 warning letter, it seems that Boykins failed to exhaust his administrative remedies with the EEOC. In any event, the law is clear that a threat or "final warning" of termination has no immediate impact on a plaintiff's working conditions, so as to constitute an adverse employment action. Id.

In sum, Boykins has failed to show that Entergy took any action against him akin to the ultimate employment decisions that Title VII was designed to address--"hiring, granting leave, discharging, promoting and compensating." Burger, 1999 WL, at *3 (citing Mattern, 104 F.3d at 708). Because Boykins's summary judgment proof fails in this regard, our inquiry ends here. We therefore do not address his remaining arguments on appeal. We thus conclude that the district court did not err in granting summary judgment in favor of Entergy.

The judgment of the district court in all aspects is

A F F I R M E D.